## In re GEHRES.

### Patent Appeal No. 3342.

Court of Customs and Patent Appeals.
Dec. 3, 1934.

Kenneth S. Neal, for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

Claims, 2, 5, 6, 10, and 11 of appellant's application for a patent for improved wrist pin bearing construction were rejected by the Primary Examiner of the United States Patent Office. Claims 3 and 8 were allowed. The Board of Appeals affirmed the action of the Examiner in denying said claims, and from the said decision of the Board appellant has appealed here.

Claims 2 and 5 are illustrative and follow:

"2. In combination, a piston having opposed wrist pin hubs projecting inwardly from the inner walls of the piston, the inner ends of the pressure sides of said hubs being slightly spaced, the inner ends of the remaining sides of said hubs being spaced a greater distance to afford room for the head of the connecting rod to be interposed therebetween, a wrist pin received within said hubs, said wrist pin being cut away within the confines of its bearing surface to provide a seat, and a connecting rod head connected to said seat and interposed between the last mentioned inner ends of said hubs, said connecting rod head terminating at the last mentioned ends of the hubs to leave the space between the first mentioned ends of the hubs free for expansion and contraction.

"5. In combination, a generally cylindrical wrist pin cut away within the confines of its bearing surface, to provide an engaging seat elongated in the direction of the length of the wrist pin, a connecting rod-head having a similarly elongated end portion engaging said seat, and bolts passing through said elongated portion of the head and into said seat for securing the rod and wrist pin together."

The references relied upon are: Reavell, 676,080, June 11, 1901; Barbarou, 1,331,555, February 24, 1920; McKechnie et al., 1,331,-573, February 24, 1920.

The application discloses a piston which is provided with opposed hubs for the pin bosses. On the upper sides, called the pressure sides, the hubs are spaced relatively close together and the lower sides of the hubs are spaced relatively far apart. This construc-

tion is for the purpose of affording substantially full bearing area on the pressure sides and at the same time allowing the head of a connecting rod to be interposed in said space. A wrist pin is mounted in the pin bosses, said pin having a flat seat so as to facilitate the fastening of the connecting rod to the pin. The head on the connecting rod is fastened to the wrist pin by four bolts. A stamped, sheet metal bushing is placed between the wrist pin and the pressure portion of said bosses. The bushing is so made that the lower flanges on the same, which are adjacent to the flattened portion of the wrist pin, bend over the seats and are secured in position by bolts which fasten to said bosses. No feature of the bushing is involved in the appealed claims, certain claims having been allowed which relate to such bushing.

Appellant here stresses the fact that his structure, which broadly involves the two features—narrow spacing at the top and relatively broad spacing at the bottom of the wrist pin bosses, and the means of bolting the connecting rod to the wrist pin—is especially adaptable in the use of Diesel engines where exceedingly high pressure maintains within the cylinder on account of the fact that ignition of the fuel in the Diesel engine is caused not by applying electric sparks thereto, but by compressing the fuel mixture in the cylinder until it reaches so high a temperature as to ignite. It is urged that the ordinary wrist pin bearing construction in the prior art was not designed to stand the strain and pressure in Diesel engines, and that applicant's device does withstand such strains and serves a new and useful purpose in the art involved.

It is not seriously contended that each of the features of the claims involved is not shown in the prior art cited. Appellant contends that the Patent Office tribunals erroneously combined different features of the prior art patents in order to find references upon which to reject the claims involved, and argues that since his claims are for a combination of elements, the Patent Office tribunals have given him no credit for producing a device by such combination which is an advancement in the art. This contention necessitates a brief discussion of the prior art cited.

The patent to Reavell relates to a piston and wrist pin construction involved in an apparatus for compressing or exhausting elastic fluids, and clearly shows a connecting rod connected to a wrist pin with a flattened portion which is adapted to receive said connecting rod.

The Barbarou patent relates to articulation between a piston and its connecting rod, and discloses a structure where the inner ends of the pressure sides of the hubs are slightly spaced, and the inner ends of the remaining sides of the hubs are spaced at a greater distance so as to afford room for the head of the connecting rod.

The patent to McKechnie et al. relates to a piston with the connecting rod attached to the wrist pin which is flattened on the lower side quite similar to that shown in the Reavell patent above referred to.

Claims 2, 6, 10, and 11 were rejected upon Barbarou, which patent shows the narrower spacing at the top of the bosses and the wider spacing at the bottom, and upon Reavell and McKechnie et al., which show the flattened portion of the wrist pin for receiving the connecting rod. Claim 5 was rejected on the combination of McKechnie et al. and Reavell, it being the view of the Board that the McKechnie et al. patent disclosed the structure of claim 5 except for the portion of the pin being cut away within the confines of the bearing surface thereof, and that that feature was old in Reavell. The Board concluded that it did not amount to invention to cut away the wrist pin of the McKechnie et al. structure in view of the prior art cited. The McKechnie et al. patent was also cited by the Examiner against claim 11 for that feature of the claim which relates to a rod bolted to the seat of the wrist pin. McKechnie et al. shows the use of bolts to fasten the rod to the wrist pin.

We are in agreement with the decision of the Board of Appeals that appellant's application contains a disclosure of features which are shown to be old in the art, and that these features perform the same function in appellant's device that they performed in the prior art, and we think that it is well settled that under such circumstances no invention is involved.

While it may be true that by reason of choosing the desirable features of the prior art and consolidating them as appellant has done produces a better connecting rod and wrist pin assembly than is shown in the prior art, it does not necessarily imply invention. It sometimes requires invention to successfully combine old elements into a new article. If a result flows from such combination which is new and useful, and which is not inherent in each of the features assembled, and which is beyond the skill of the mechanic, the issuance of a patent for such a combination may be justified. In re Germantown Trust Co.,

Executor, 57 F. (2d) 365, 19 C. C. P. A. (Patents) 1140; In re Dann, 47 F. (2d) 356, 18 C. C. P. A. (Patents) 1031. Appellant's application does not present such a case.

The decision of the Board of Appeals is affirmed.

Affirmed.